UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HARRIS-BEY

    Plaintiff,                      Civil Action No. 16-12666
                                      Honorable David M. Lawson
            v.                  Magistrate Judge Elizabeth A. Stafford

JOHN ALCODRAY and
PAUL REASONER,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [ECF NO. 14]**

**I.    INTRODUCTION**

Plaintiff Curtis Harris-Bey, a prisoner proceeding *pro se*, filed this action in July 2016 accusing defendants John Alcodray and Paul Reasoner of being disrespectful and degrading toward him, firing him from his food service position, and filing false misconduct reports against him in retaliation for his constitutionally protected conduct. [ECF No. 1]. Before the Court is defendants' motion for summary judgment, which asserts that Harris-Bey failed to exhaust all of his administrative remedies before filing suit, and that defendants are entitled to qualified immunity on all claims.

[ECF No. 14].[1]  For the reasons set forth below, the Court **RECOMMENDS** that the defendants' motion for summary judgment be **GRANTED**, as some of Harris-Bey's claims were not fully exhausted prior to suit, and defendants are entitled to summary judgment as a matter of law on the remaining claims.

## II.   BACKGROUND

Harris-Bey alleges that on January 20, 2016, Corrections Officer Alcodray gave a "disrespectful, degrading" speech to him and other inmates while he was at work in the kitchen, calling them "idiots" and not allowing them to talk to each other during meal time.  [ECF No. 1, PageID 44].  Harris-Bey spoke back to Alcodray, who then informed Harris-Bey that he was fired.  [*Id.*].  He was sent back to his unit, and Corrections Officer Reasoner confined him to his cell room until the end of his shift.  [*Id.*]. Harris-Bey contends that on the same day, he received a "call out assignment" to come into work the next day, and that when he did, Alcodray told him to leave and return to his unit.  [*Id.*, PageID 44-45]. Reasoner then informed him that he was "laid in" and must be confined to his cell during his normal work hours until a hearing on the misconduct

---

[1] The Honorable David M. Lawson referred all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b).  [ECF No. 8].

ticket he would be receiving from Alcodray. [*Id.*, PageID 45].

Later that day Harris-Bey received the misconduct ticket, which described the events of the previous day. [*Id.*]. The next day, January 22, he received another misconduct ticket, this time from Reasoner, stating that Harris-Bey reported to his work detail on the 21st in contravention of Reasoner's orders not to report. [*Id.*, PageID 45-46]. Later that month, Harris-Bey was found not guilty for the first misconduct charge from Alcodray, but was found guilty of the second misconduct from Reasoner, receiving loss of privileges for ten days. He maintains that both misconduct reports were false and "written out of retaliation." [*Id.*, PageID 46].

Harris-Bey was allowed to return to work on February 8, 2016, but he alleges that Alcodray told him two days later to "get out of the kitchen, no matter what your pass, classification, or any body [*sic*] says." [*Id.*, PageID 46-47]. After speaking to the warden, Harris-Bey was allowed to return to work without incident, until March 3rd, when he was called into work by Alcodray, who "immediately started threatening and attempted to cause intimidation, telling plaintiff to stop filing grievances on him or he will be a sorry ass." [*Id.*, PageID 47]. Harris-Bey claims that all of the actions taken against him were in retaliation to his exercise of First Amendment rights. [*Id.*, PageID 49].

### III. ANALYSIS

#### A.

Federal Rule of Civil Procedure 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

If the movant satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita*

*Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

When feasible, the Court will decide exhaustion disputes before addressing the merits of the claims. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A dismissal for failure to exhaust administrative remedies, even when decided on summary judgment, is without prejudice. *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004).

**B.**

The Prison Litigation Reform Act ("PLRA") requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 sets forth a three-step procedure prisoners must follow in order

to complete the administrative review process and properly exhaust grievances. A prisoner must attempt to informally resolve the problem with the allegedly offending staff, and then may file a Step I grievance regarding any unresolved issues with a grievance coordinator. MDOC Policy Directive 03.02.130, ¶ P and R (effective July 9, 2007).[2] The prisoner may then file a Step II grievance appeal within ten days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. *Id.* at ¶ BB. The same schedule applies to a Step III appeal – it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.* at ¶ FF. Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before filing suit.

    Defendants do not challenge the exhaustion of Harris-Bey's claims regarding Alcodray's initial language toward Harris-Bey, Alcodray's allegedly false misconduct report, Alcodray sending Harris-Bey back to his cell at the start of his work shift, or Reasoner confining him to his cell on January 20, 2016; they admit that these accusations were properly grieved

---

[2] The Policy Directive is available at:
https://www.michigan.gov/documents/corrections/03_02_130_200872_7.pdf

through step three. [ECF No. 14, PageID 79-80, citing ECF No. 14-2, PageID 98, 112-27, (grievances ARF-16-02-404-17z and ARF-16-02-405-17z)].

As to Harris-Bey's claim that he was confined to his cell again by Reasoner on January 21, 2016, defendants assert that this claim was never the subject of a grievance and thus has not been exhausted. Grievance ARF-16-02-405-17z did refer to Harris-Bey "illegally being confined to the room from 15:35 to 19:30 [hours], by c/o Reasoner," but although Harris-Bey did not state the date of that confinement, the Court infers that he was referring to January 20. [ECF No. 14-2, PageID 127]. This inference is made because the grievance does not detail any events on January 21 except that Alcodray wrote a misconduct ticket that day. [*Id.*]. In contrast, the complaint describes a series of events on January 21 that begins with Harris-Bey arriving at work and ends with Reasoner telling Harris-Bey that we was again confined to his room. [ECF No. 1, PageID 44-45]. Because those events from January 21 were not included in the grievance, none of them have been exhausted. Harris-Bey contends that the January 21 allegations are "nevertheless subsumed in his grievance detailing the January 20, 2016 conduct of Defendant Reasoner." [ECF No. 16, PageID 182]. But each separate incident of unwarranted confinement

7

must be properly grieved. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The Court therefore agrees with defendants that Harris-Bey's January 21 claim of unwarranted confinement was not exhausted.

Defendants also contend that Alcodray's alleged retaliation against Harris-Bey in March for filing grievances was not exhausted, despite being the subject of grievance ARF-16-03-0611-17a, because Harris-Bey failed to attempt to informally resolve the problem with Alcodray before filing the Step I grievance. [ECF No. 14-2, PageID 106-10]. The record reflects a finding that Harris-Bey failed to initiate an informal resolution of the problem as required by MDOC Policy Directive 03.02.130 ¶ P, but as defendants acknowledge, the grievance was nonetheless decided on its merits. [*Id.*, PageID 106, 110; ECF No. 14, PageID 82]. Citing Fifth Circuit case law, defendants argue that the MDOC cannot waive the informal resolution requirement. *See Johnson v. Ford*, 261 F.App'x 752, 753 (5th Cir. 2008). But the Sixth Circuit ruled in *Reed–Bey v. Pramstaller,* 603 F.3d 322, 324-25 (6th Cir. 2010), that when the State has not enforced its own procedural rule and has decided a claim on its merits, the reviewing court should not enforce the procedural rule either and should find the grievance properly exhausted. Thus, defendants' argument that Harris-Bey did not properly exhaust his retaliation claim is without merit.

8

Finally, defendants argue that Harris-Bey's allegation that Reasoner's January 22, 2016, misconduct report was written in collaboration with Alcodray and out of retaliation, [ECF No. 1, PageID 46], was not properly exhausted. Defendants note that Harris-Bey did not allege retaliation at his misconduct hearing; he said that he did not hear Reasoner's order to not report to work. [ECF No. 14-5, PageID 163]. In addition, after the hearing, Harris-Bey did not appeal the finding of guilt pursuant to MDOC Policy Directive 03.03.150, ¶ VVV. [*Id.*, PageID 161; ECF No. 14-4, PageID 148]. The only avenue for challenging the finding of guilt regarding the misconduct ticket was an appeal of that ruling; such decisions are not grievable. *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011) (citing MDOC Policy Directive 03.02.130 ¶ F). And "[a] finding of guilt based upon some evidence of a violation of prison rules essentially checkmates [a] retaliation claim." *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (citation and internal quotation marks omitted).

For these reasons, summary judgment should be granted with respect to the January 21, 2016, alleged wrongful confinement and the January 22, 2016, misconduct ticket.

## C.

The remaining claims do not state constitutional violations and, for

9

that reason, defendants are entitled to qualified immunity. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005) (defendants entitled to qualified immunity if they have not violated clearly established constitutional rights).

Harris-Bey summarizes his claims against Alcodray as follows: "Alcodray (1) spoke to him in disrespectful and degrading language; (2) terminated him from his job without penological justification; (3) falsified a misconduct report against him, and; (4) thereafter retaliated against him for his filing of a grievance in this matter." [ECF No. 16, PageID 184]. As to the first claim, Alcodray is entitled to qualified immunity because the Sixth Circuit has held that "harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). Regarding Harris-Bey's employment termination claim, defendants state that he was never terminated, and note that he was able to return to work without incident after he was found not guilty on the first misconduct. [ECF No. 14, PageID 89-90, citing ECF No. 14-6]. But that factual dispute does not matter; a prisoner has no constitutionally protected property interest in prison employment and Michigan law vests the MDOC with complete discretion regarding prisoner work assignments. *Dobbins v. Craycraft,* 423

10

F.App'x 550, 552 (6th Cir. 2011).

Harris-Bey's claim regarding Alcodray's allegedly false misconduct report is also unsustainable. "False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing." *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005). Harris-Bey admits that he was found not guilty on this charge, and the complaint does not allege that he suffered any harm attributable to the misconduct report. [ECF No. 1, PageID 45-46].[3]

With respect to Harris-Bey's claim against Alcodray of First Amendment retaliation, he must establish three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999). Here, Harris-Bey fails to demonstrate that he suffered a sufficient adverse action to sustain his retaliation claim.

---

[3] Harris-Bey was found not guilty because of a due process error, not because of any finding that Alcodray's misconduct report was false. [ECF No. 14-2, PageID 125].

11

Retaliation claims based upon actions that are inconsequential or *de minimis* injuries are properly dismissed as a matter of law. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 584 (6th Cir. 2012). Allowing any claim of adverse action to proceed, no matter how minor, would "trivialize the First Amendment." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). Harris-Bey alleges that Alcodray spoke to him harshly; that he temporarily lost his job;[4] and that he received a false misconduct report, for which he was found not guilty and suffered no penalty. These alleged consequences are truly inconsequential, and should be found as a matter of law to not constitute adverse actions. *Id.* For the same reasons, Alcodray is entitled to qualified immunity.

Against Reasoner, Harris-Bey summarizes his claims thusly: "(1) placing Plaintiff on lay in status without authorization; (2) confining him to his cell, and; (3) issuing him a bogus misconduct report when Plaintiff reported to his job assignment pursuant to the itinerary that he had been issued." [ECF No. 16, PageID 188].

Concerning the first two claims, Harris-Bey has only exhausted his lay in and confinement claims for the time he was confined in January 20,

---

[4] Harris-Bey's complaint states that he was found not guilty on January 30, 2016, and informed on February 3, 2016, that he would be returned to kitchen duty as soon as possible. [ECF No. 1, PageID 46].

2016, as outlined above. MDOC Policy Directive 05.01.100, ¶ BB, allows for a prisoner to be "laid in" pending a misconduct hearing, but the parties disagree as to whether this order must come from "the Warden or [his] designee." [ECF No. 14-8, PageID 176; ECF No. 14-7, PageID 170; ECF No. 16, PageID 187-88]. Regardless, Harris-Bey does not cite any authority supporting the claim that being laid in for four hours could constitute a constitutional violation, or that the lay-in order could constitute an adverse action "that would deter a person of ordinary firmness from continuing to engage in" protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d at 394. He thus fails to meet his burden to show that Reasoner violated a cleared established constitutional right, and Reasoner is entitled to qualified immunity on these claims. The Court has already recommended that summary judgment be granted with respect to Harris-Bey's claim regarding Reasoner's misconduct report because he failed to exhaust his administrative remedies and because his claim of retaliation was checkmated.

For these reasons, none of Harris-Bey's claims remain viable.

## IV. CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that the defendants' motion for summary judgment [ECF No. 14] be **GRANTED**.

13

Harris-Bey's claims regarding his confinement by Reasoner on January 21, 2016 and the misconduct report issued on January 22, 2016 should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust all administrative remedies; all other claims should be **DISMISSED WITH PREJUDICE** on the basis of qualified immunity of the defendants.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 26, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection

must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 26, 2017.

                                 s/Marlena Williams
                                 MARLENA WILLIAMS
                                 Case Manager